O

1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

8
9
10
11
12
13
14
15
16
17

MARLON JERMAINE JOHNSON**,**

Petitioner,

v.

E. RICOLCOL, Warden,

Respondent.

NO. EDCV 24-1711 CAS (AGR)

ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE

18
19
20
21
22
23
24
25
26
27
28

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), the other records on file herein, the Report and Recommendation of the United States Magistrate Judge ("Report"), the Objections and the Response.  Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made.  The Court accepts the findings and recommendation of the Report.

In the Objections, Petitioner discloses for the first time that he submitted a BP-11 form at the final level on June 5, 2025, after Respondent filed the motion to dismiss the Petition for failure to exhaust administrative remedies on April 21,

2025.  (Obj., Dkt. No. 13 at 3.)[1]  On June 11, 2025, the BP-11 was rejected and returned to Petitioner because there was no record of Petitioner submitting a BP-10 at the third level.  (*Id.*)  A rejection on procedural grounds "'is not the same as a denial, which is a decision on the merits.'"  *Smith v. Lepe*, 2025 U.S. Dist. LEXIS 195655, *8 (C.D. Cal. Aug. 25, 2025) (citation omitted).  Unlike a denial, a rejection on procedural grounds does not exhaust administrative remedies.  *Id.* at *8.  Therefore, Petitioner did not exhaust his administrative remedies.

Petitioner claims that he submitted a BP-10 but after "transferring to a different facility, the Petitioner's paperwork was lost by the BOP."  (Obj. at 1.)  The records indicate Petitioner submitted the BP-9 at the second level on March 20, 2024 with the Warden's response due by April 9, 2024.  (Exh. D to Lam Decl., Dkt. No. 6-1 at 78.)  The BP-10 had to be filed within 20 calendar days of the Warden's response to the BP-9 or the time for response had lapsed.  28 C.F.R. § 542.15(a).  Assuming Petitioner actually submitted a timely BP-10 by April 29, 2024, the Regional Director's response would have been due within 30 calendar days (May 29, 2024) plus a possible 30-day extension of time (June 28, 2024).  28 C.F.R. § 542.18.  Petitioner's BP-11 would have been due within 30 calendar days, or no later than July 29, 2024.  28 C.F.R. § 542.15(a).  According to the attachment to the Objections, Petitioner submitted a BP-11 on June 5, 2025, over 10 months late.  Petitioner does not provide any explanation for this lengthy delay.  The court declines to waive the exhaustion requirement under these circumstances.  *See Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (holding courts have discretion to waive exhaustion requirement when administrative remedies would be inadequate, not efficacious, futile, cause irreparable injury, or void).

Alternatively, Respondent is correct that Petitioner's challenge to the loss of commissary privileges during March 3 – April 1, 2024, which has long since expired, does not state a cognizable claim for habeas relief under 28 U.S.C. §

---

[1] Page citations are to the page numbers assigned by CM/ECF in the header of the document.

2241.  *See Hernandez v. Lepe*, 2025 U.S. Dist. LEXIS 197721, *8 (C.D. Cal. Aug. 18, 2025) (noting moot challenges to loss of commissary and email privileges do not provide basis for habeas jurisdiction under § 2241), *accepted by*. 2025 U.S. Dist. LEXIS 196695 (C.D. Cal. Oct. 2, 2025).

IT THEREFORE IS ORDERED that Respondent's motion to dismiss the Petition for Writ of Habeas Corpus is GRANTED.

IT IS FURTHER ORDERED that judgment be entered denying the Petition for Writ of Habeas Corpus and dismissing this action without prejudice.

DATED:  December 16, 2025

_____ Christine A. Snyder _____

HONORABLE CHRISTINA A. SNYDER
United States District Judge